IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR.,

                Plaintiff,

v.

OFFICER REESE, JOHN DOE 3RD SHIFT,
ANDREW P. BANKS, JANESVILLE POLICE
DEPARTMENT, THREE ROCK COUNTY SWITCH
BOARD OPERATORS, and SGT. HOLFORD,

                Defendants.

OPINION and ORDER

23-cv-240-jdp

---

Plaintiff Timothy Lee Stewart, Sr., appearing pro se, alleges that Janesville police officers failed to arrest a neighbor of his who was harassing him. Stewart seeks leave to proceed in forma pauperis, and from the financial affidavit he submitted I conclude that he may proceed without prepayment of the filing fee for this case.

The next step is for me to screen Stewart's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Stewart's complaint fails to state a claim upon which relief may be granted. I will give him a chance to submit an amended complaint.

ANALYSIS

Stewart alleges that defendant Andrew Banks, a neighbor of his, has harassed him by making false reports to police. Stewart was granted a restraining order against Banks. On April 7, 2023, Banks yelled obscenities at Stewart outside their apartment building and again while they were in their respective apartments. Shortly thereafter, police, including defendant Officer Reese, arrived at Stewart's apartment because Banks had falsely reported that Stewart was violating the city noise ordinance. Officers did not cite Stewart, nor did they arrest Banks for violating the restraining order even though defendant Reese says that he was aware of the order. The officers then left after Stewart stated that he wanted to perform a "First Amendment audit" by recording them.

As with many of his cases in this court, Stewart lists a wide variety of constitutional rights that he believes defendants have violated. I will address only those that have potential merit. Unlike his other cases, Stewart does not allege that he was unlawfully cited or arrested. Instead, Stewart argues that defendant police officers violated his rights by failing to arrest Banks for his continued harassment in violation of the restraining order that Stewart had obtained against him.

Generally, Stewart has no legal interest in the enforcement of laws against someone else. *Town of Castle Rock, Colorado v. Gonzales*, 545 U.S. 748, 768 (2005) ("[R]espondent did not, for purposes of the Due Process Clause, have a property interest in police enforcement of the restraining order against her husband," so she could not sue the police for failing to enforce the restraining order or for failing to arrest her husband); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Stewart adds that the officers chose not to take action against

Banks to retaliate against Stewart for his previous lawsuits against Janesville police. But Stewart does not allege how he knows that the officers based their actions on his lawsuits, so he does not state a retaliation claim. Stewart also conclusorily states that the officers violated his rights under a Fourteenth Amendment "class of one" theory, but he does not explain why he thinks that theory fits his allegations and I conclude that he has not alleged enough to state a claim under that theory.

Stewart alleges that defendant officers violated his rights by refusing to let him record a "First Amendment audit" after their initial interaction and that the police department and supervisors more have violated his rights by failing to have adequate policies regarding First Amendment audits. The First Amendment generally protects the right to record police activity, *see Am. C.L. Union of Ill. v. Alvarez*, 679 F.3d 583, 607 (7th Cir. 2012). But Stewart does not explain enough about the interaction at issue to tell whether he could state a viable First Amendment claim.

Nor can Stewart proceed on any claims directly against Banks. Stewart alleges that Banks has conspired with the Janesville police. But to succeed on constitutional claims like these brought under 42 U.S.C. § 1983, the defendant must have acted "under color of state law." *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). Banks is a private citizen, not a governmental official. Generally, "[s]ection 1983 does not cover disputes between private citizens" because they are not acting under color of state law. *Plaats v. Barthelemy*, 641 F. App'x 624, 627 (7th Cir. 2016). Private actors do act under color of law when they work jointly with state actors to violate a person's rights. *See, e.g., L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) ("A private person acts under color of state law when she is a willful participant in joint action with the State or its agents." (internal

quotation omitted)). Stewart does not allege any details that suggest that Banks and the police are consciously working together to harm him.

The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Before dismissing this case, I will give Stewart a short time to submit an amended complaint clarifying his claims. He should file his new complaint on the court's complaint form, which I will have the clerk of court send him.

In drafting his amended complaint, Stewart should remember to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a constitutional violation.

- Identify all of the individuals he wishes to sue in the caption of the complaint.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs. He should state his allegations as if he were telling a story to someone who knows nothing about the events.

- Omit legal arguments other than explaining what types of claims he wishes to bring.

If Stewart files an amended complaint, I will screen the allegations to determine whether they state a claim upon which relief may be granted. If he does not provide an amended complaint by the date below, this case will be closed for his failure to prosecute it.

ORDER

IT IS ORDERED that:

1. Plaintiff Timothy Lee Stewart's complaint is DISMISSED.

2. Plaintiff may have until July 20, 2023, to submit an amended complaint as directed in the opinion above.

3. The clerk of court is directed to send plaintiff a copy of the court's complaint form.

Entered June 29, 2023.

                                    BY THE COURT:

                                    /s/

                                    _____
                                    JAMES D. PETERSON
                                    District Judge